**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4734**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

ALLEN GEROME GIBBS, a/k/a Fireball,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern. Louise W. Flanagan, District Judge. (4:12-cr-00100-FL-1)

Submitted: May 1, 2014             Decided: May 8, 2014

Before GREGORY, DUNCAN, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mark D. Stewart, BURCH LAW OFFICE, Greenville, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Allen Gerome Gibbs pled guilty, pursuant to a written plea agreement, to conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846. He was designated a career offender and sentenced to 189 months' imprisonment, which was 73 months below the bottom of his advisory Guidelines range. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no nonfrivolous grounds for appeal, but asking us to review Gibbs' conviction and the reasonableness of the sentence. Although advised of his right to do so, Gibbs has declined to file a pro se supplemental brief. The Government has not filed a response. For the reasons that follow, we affirm.

Because Gibbs did not move in the district court to withdraw his guilty plea, we review the Fed. R. Crim. P. 11 hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). To prevail under this standard, Gibbs must establish that an error occurred, that this error was plain, and that it affected his substantial rights. United States v. Massenburg, 564 F.3d 337, 342–43 (4th Cir. 2009). Our review of the record establishes that the magistrate judge

2

substantially complied with the mandates of Rule 11,[*] ensuring that Gibbs' plea was knowing and voluntary and supported by an independent basis in fact. We therefore affirm Gibbs' conviction.

We review Gibbs' sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 46, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. We first assess whether the district court properly calculated the defendant's advisory Guidelines range, considered the factors set forth in 18 U.S.C. § 3553(a), analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. at 49–51; see United States v. Lynn, 592 F.3d 572, 575–76 (4th Cir. 2010). If there is no procedural error, we review the substantive reasonableness of the sentence, "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied

---

[*] Though the magistrate judge did not inform Gibbs that any false statements could be used against him in a separate prosecution for perjury, see Fed. R. Crim. P. 11(b)(1)(A), we conclude that this error did not affect Gibbs' substantial rights because there is no indication that Gibbs lied or is being prosecuted for perjury. United States v. Olano, 507 U.S. 725, 734–35 (1993). Moreover, Gibbs does not allege that, but for this error, "he would not have entered the plea." United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004).

3

the standards set forth in § 3553(a)." United States v. Mendoza–Mendoza, 597 F.3d 212, 216 (4th Cir. 2010).

We have thoroughly reviewed the record and conclude that the sentence is both procedurally and substantively reasonable. We find no error in the district court's computation of Gibbs' Guidelines range, including the career offender designation, the opportunities the court provided Gibbs and his counsel to speak in mitigation, or the court's explanation of the sentence imposed by reference to the relevant § 3553(a) factors. See United States v. Chandia, 675 F.3d 329, 341-42 (4th Cir.) (recognizing that a sentencing court is "not required to provide a lengthy explanation or robotically tick through § 3553(a)'s every subsection, particularly when imposing a below-Guidelines sentence" (internal quotation marks and alteration omitted)), cert. denied, 133 S. Ct. 609 (2012). Finally, Gibbs' below-Guidelines sentence is presumptively substantively reasonable, see United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012), and we discern no basis in the record to overcome this presumption.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the judgment of the district court. This Court requires that counsel inform Gibbs, in writing, of the right to petition the Supreme Court of the United States for

4

further review.  If Gibbs requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Gibbs.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

AFFIRMED